A. W. TINKHAM, *Adm'r, &c.,* v. JAMES R. GREER.

ORDER. PROHIBITING STOCK *from Running at Large in Night-Time.* The order provided for by section 1 of chapter 105 of the General Statutes must be attested by the signatures of a majority at least of the county commissioners.

*Error from Shawnee District Court.*

TRESPASS, brought by C. V. Thayer against *Greer* to recover damages committed by the horses, cattle and hogs of defendant to the growing crops of plaintiff. The petition alleged that a petition had been duly presented to the board of commissioners asking said board to make an order that all persons owning domestic animals in Topeka township should keep such animals confined in the night-time, etc., and that said board of commissioners had thereupon made and entered of record the following order:

WHEREAS, a petition has been presented to the board of county commissioners of Shawnee county, signed by more than three-fifths of the qualified electors of Topeka township in Shawnee county, Kansas, praying said board of commissioners to make an order that all persons owning domestic animals shall keep them confined in the night-time between the first day of September and the first day of April in each year; now therefore, it is ordered, that the prayer of the petitioners be granted, and all persons in Topeka township, Shawnee county, Kansas, shall keep their cattle and horses confined in the night-time from the first day of September to

April 1st in each year; and the county clerk is directed to give this order the proper legal publication.

By order of the board of commissioners, July 17, 1869,

A. G. MILLER, *Chairman.*

The petition alleged that *Greer* in violation of this order permitted his cattle to run at large in said township in the night-time, and that such cattle had committed the injury complained of, etc. *Greer* demurred. The district court, at the June Term 1870, sustained the demurrer. Thayer having died, *Tinkham* was appointed administrator, and as such he brings the case to this court for review.

*A. H. Case,* for plaintiff in error:

The question is, whether the order made by the board was in conformity to the law. The law provides that after certain things have been done, that they "shall make such order under their hands." It is claimed that the order is not "under their hands," because signed only by the chairman. The board is to have a chairman: (ch. 25, § 26.) Certain powers are given the board, (§ 16, ch. 25.) The record shows it to be their act. It is, "By order of the board of commissioners," and signed by the chairman.

The chairman, under the strict construction of the court below, could only preside, administer oaths, and sign county orders, as there is no special law authorizing him to do anything else; yet all their acts, it is well known, including their records, are authenticated in the same manner as this order. There is no good reason why they should all sign this. It is merely technical, and it certainly was not the intention of the law-makers that this order should be authenticated differently from any other ordinary business done by the board. It shows upon its face that it was granted and made by the board, and that is all the law contemplated.

*W. P. Douthitt,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Sec. 1, of ch. 105 of the General Statutes of 1868, authorizes the board of county commissioners upon

certain conditions to make an order requiring all persons to keep their stock confined in the night-time. It provides that the commissioners "shall make such order under their hands, and cause the same to be entered upon the record of their proceedings." Is this satisfied by an order subscribed as follows: "By order of the Board of Commissioners, A. G. Miller, Chairman"—or do the words, "under their hands," require the signatures of a majority at least of the board? Oviously the latter, if we follow the letter of the law. For the words, "under their hands," have in the law a well-recognized meaning, a meaning which is satisfied only by personal signatures. If the letter of the law requires this, is the provision merely directory, and may it be disregarded without invalidating the order? It is difficult to give any satisfactory rules for deciding whether statutory requirements are directory, or essential. Matters of time, where the act can be done as well after as at the time, are often considered directory. Matters of form, where the form in no ways affects the substance, are also sometimes, though not so often, declared directory. In all these latter cases it must be perfectly obvious that the substance is not in the least modified by the difference in form, or the form will always be held essential. For it must be understood, the court has no power to set aside or change the law as enacted by the legislature. All that we can do is, to ascertain and enforce its will. It follows therefore, that even when a change of form would not seem to affect the substance, yet if it appear that the form was made imperative by the legislature, it must be declared essential by the court. The case at bar seems to come within this rule. The legislature has prescribed a form for this order. It is not easy to see any good reason why the order should not be made in the same manner as other orders of the commissioners; yet the power of the legislature is unquestioned, and the fact that it has required an unusual form is evidence that it wished this form to be considered essential. *Harding v. Owings*, 1 Bibb, 214. The judgment of the district court is affirmed. All the Justices concurring.